

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-2008

# Miller v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2537

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Miller v. USA" (2008). *2008 Decisions.* Paper 765.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/765

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2537
_____

NOYE MILLER,
                              Appellant

v.

UNITED STATES OF AMERICA;
DELAWARE TRANSIT CORPORATION,
a Delaware corporation; ANTONE WIGGINS

_____

On Appeal from the United States District Court
for the District of Delaware
D.C. Civil Action No. 01-cv-00551
(Honorable Sue L. Robinson)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 24, 2008

Before:  SCIRICA, Chief Judge, HARDIMAN and COWEN, Circuit Judges.

(Filed   July 31, 2008  )
_____

OPINION OF THE COURT
_____

PER CURIAM.

   Noye Miller sued the United States, the Delaware Transit Corporation ("DART"),

and a DART bus driver, Antone Wiggins, invoking the Federal Tort Claims Act and

theories of negligence. Miller alleged that he fell and suffered injuries while riding a

DART bus. Specifically, he claimed that he fell while walking in the bus aisle when the

bus driver stopped short to avoid an accident with a U.S. Postal Service vehicle that had

run a stop sign.

The District Court held a bench trial to apportion potential liability. The District

Court concluded that the United States was fifty percent (50%) liable, and that DART and

Miller were each twenty-five percent (25%) liable for any injuries. After a discovery

period, District Court held a second bench trial to assess damages. Miller was the only

witness to testify, but the deposition testimony of Dr. Bruce Katz, Miller's treating

physician, and Dr. John B. Townsend, III, Defendants' expert, became part of the bench

trial record, as did Miller's lengthy Social Security and medical records. The parties

submitted post-trial briefs on whether the District Court should consider Katz's medical

opinion, which he rendered without reviewing Miller's medical records. Miller requested

that Katz be permitted to review the records and submit a new report.

The District Court rejected Katz's testimony, concluding that he presented an

impermissible "net opinion" not based on reliable information. Although Miller pointed

the District Court to Townsend's testimony, the District Court did not find support for

Miller's case from that defense witness. The District Court found it unnecessary to weigh

Miller's credibility and the medical evidence in light of the insufficiency of the medical

evidence. However, the District Court further opined that it "would . . . be constrained to

reject plaintiff's claims in their entirety given [Miller's] demeanor." The District Court

cited Miller's "repeated memory failures with respect to his medical problems, course of

treatments, and medications, as well as his social security disability records."[1] The

District Court concluded that Miller had failed to carry his burden to prove that his

injuries were caused by the accident and held that an award of damages would be

inappropriate.

Miller, now <u>pro se</u>, appeals and moves for appointment of counsel.[2] We notified

Miller that we would not consider his motion for appointment of counsel until briefing

was completed and directed Miller to file a brief and appendix, <u>see</u> <u>Miller v. United</u>

<u>States</u>, et al., No. 06-2537 (orders entered on Aug. 27, 2007 and Mar. 6, 2008).

Nevertheless, Miller uses his informal brief mostly just to request counsel again. After a

short statement of facts, and the broad response of "yes" to the question "[d]id the district

court incorrectly decide the facts of your case?", Miller asks us to tell "the new lawyer to

file a motion to have the Court of Appeals to [sic] reopen the case, do [sic] to inaffective

[sic] coucil [sic] and this ground for a retrial and present my witnesses." Informal Brief

---

[1] In an earlier footnote in the District Court's opinion, the District Court noted that it did not find Miller's descriptions of his physical condition credible in light of the extensive history of physical and psychological complaints and treatment detailed in his medical and Social Security records.

[2] After briefing was completed, he also submitted a "motion to strike supplemental appendix."

6.[3]  The United States notes that Miller did not include any legal argument in his informal brief and goes on to argue that the District Court correctly determined that Miller did not carry his burden of satisfying the requirements of Federal Rule of Evidence 702 and Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  The United States also moves for summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  First, we note that Miller was obliged to set forth and present argument about all his issues on appeal in his informal brief.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (citing Federal Rules of Appellate Procedure 28 and Local Rule 28.1); see also Al-Ra'Id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not excepted from the requirement).  Absent extraordinary circumstances, the failure to raise and argue an issue results in a waiver of that issue on appeal.  See id.; see also In re Surrick, 338 F.3d 224, 237 (3d Cir. 2003).  Miller does seem to state (in the context of a request for counsel) that he wants a new trial and an opportunity to present his witnesses; however, "casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal." See Kost, 1 F.3d at 182.  Miller does not argue that extraordinary circumstances

---

[3]Miller also notes that his appeal was dismissed for failure to timely prosecute, an outcome he blames on poor communications with his former lawyer and problems receiving mail.  On his earlier motion, his appeal was reopened. see Miller v. United States, et al., No. 06-2537 (order entered on Mar. 6, 2008).

prevented him from articulating his issues on appeal. Accordingly, Miller has waived his issues on appeal.

Even if Miller had properly objected to the District Court's decisions, he would not be entitled to the new trial he seeks. The District Court's decisions – to exclude Katz's testimony and to deny reopening so that Miller could present additional evidence – are subject to review for abuse of discretion. See Waldorf v. Shuta, 142 F.3d 601, 626-27 (3d Cir. 1998) ("[A]bsent an abuse of discretion, we will not substitute our own judgment for that of the trial court regarding the admission or exclusion of expert testimony."); Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 331 (1971); Skehan v. Board of Trustees, 590 F.2d 470, 477-78 (3d Cir. 1978).

The District Court's decision to disregard the testimony of Miller's expert witness was not an abuse of discretion. Rule 702 of the Federal Rules of Evidence allows testimony "based upon sufficient facts or data" that is "the product of reliable principles and methods" if the "witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Under this rule, a district court must ensure that all expert testimony is relevant and reliable. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141-42 (1999). In considering the reliability of testimony on causation, a court should consider "whether the expert has adequately accounted for obvious alternative explanations." In re Unisys Sav. Plan Litig., 173 F.3d 145, 166 n.10 (3d Cir. 1999) (citing Claar v. Burlington N.R.R. Co., 29 F.3d 499, 502 (9th Cir. 1994)). In Claar, the

5

court approved of a district court's rejection of testimony from doctors who did not attempt to rule out other possible causes for the injuries that the plaintiffs claimed. See 29 F.3d at 501-03.

In this case, Katz admitted that he based his opinion that the bus accident caused Miller's neck injury on no more than Miller's subjective complaints and the resolution of Miller's symptoms after surgery.[4] Supp. App. 229 (Katz dep. 37). He took into account Miller's statement that he had no previous neck injuries and did not review Miller's medical records (which were significant for, among other things, previous neck injuries). Id. at 229-30 ( Katz dep. 37-38.) As the District Court determined, Katz concluded that the neck injury was caused by the accident essentially because Miller told him it was. Katz did not try to rule out any other cause of the injury or consider any alternative explanations. Although Katz also relied on the resolution of Miller's symptoms after surgery, the cure of the pain does not go to its cause. The District Court was permitted to conclude either that Katz's testimony was not based on sufficient data, or that "there [wa]s simply too great an analytical gap between the data and the opinion proffered," GE v. Joiner, 522 U.S. 136, 146 (1997).

---

[4]Although Miller originally complained of other injuries, he later limited his arguments to recovery for a neck injury; he conceded that his expert did not suggest that any back or shoulder pain was related to the accident. (Miller's Post-Trial Memorandum (doc. 73) passim.) Furthermore, evidence presented at trial detailed Miller's long-history of back pain. ("The United States' Post-Trial Submission" 2 (summarizing the evidence)).

6

Furthermore, the District Court's conclusion is bolstered by its consideration of the credibility of Miller, the source of Katz's data. We afford great deference to a district court's credibility determinations. See, e.g., Harrison v. Ryan, 909 F.2d 84, 86 (3d Cir. 1990). The District Court questioned Miller's credibility, noting his demeanor and his repeated memory failures, and alluding to the inconsistencies between his testimony and his documented medical history. Unlike the District Court, we cannot consider Miller's demeanor, which "'bear[s] so heavily on the listener's understanding and belief in what is being said.'" United States v. Beckett, 208 F.3d 140, 148 (3d Cir. 2000) (quoting Anderson v. Bessemer City, 470 U.S. 564, 575 (1985)). However, in reviewing the trial record, we certainly find support for the District Court's findings. Miller's questionable credibility puts in question the reliability of Katz's data, i.e., Miller's subjective complaints.

As the District Court did not err in excluding Katz's expert testimony, it did not abuse its discretion in declining to reopen the record so that Katz could render a new opinion after reviewing Miller's medical records. First, there are no mandatory procedures a district court must follow in considering the reliability of expert testimony. See Oddi v. Ford Motor Co., 234 F.3d 136, 154 (3d Cir. 2000). Moreover, it is not clear how reopening the record so that Katz could consider evidence that seemingly undermines his conclusion would have helped Miller's case. See id.

In sum, even if we concluded that Miller did not waive his issues on appeal, we would conclude that the District Court did not abuse its discretion in disregarding Katz's testimony and in declining to reopen the record. As the District Court determined, without Katz's testimony, Miller did not carry his burden,[5] and judgment in favor of the Defendants was appropriate. For these reasons, we will affirm the District Court's judgment and deny Miller's requests for appointment of counsel.[6]

---

[5]An at-best ambiguous conclusion of Defendants' expert, that "absent some other mechanism," Miller's "subjective complaints," which "were not always accurate," "were related to the accident," Supp. App. 276-77 (Townsend dep. at 33-34), does not change the result.

[6]In light of our disposition of the case, we deny the motion for summary affirmance. Also, to the extent that Miller filed his "motion to strike supplemental appendix" because he wished us to strike the supplemental appendix, we deny it. Before ruling, we also considered the arguments he included in his motion to the extent that he filed it as a short document in support of his appeal.